**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**
_____

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

        **v.**                                            **06-CR-284S**

**RAMON DIAZ,**

        **Defendant.**
_____

## DECISION AND ORDER

This case was referred to the undersigned by the Hon. William M. Skretny in accordance with 28 U.S.C. § 636(b)(1) for all pretrial matters and hear and report upon dispositive motions.

## PRELIMINARY STATEMENT

The defendant, Ramon Diaz ("the defendant"), is charged in a Superseding Indictment with having violated Title 21 U.S.C. §§ 846 (Count 1), 841(a)(1) and 841(b)(1)(B) and Title 18 U.S.C. § 2 (Count 6).  (Docket #128).

The defendant has filed an omnibus discovery motion wherein he seeks: (1) a bill of particulars; (2) production of *Brady, Giglio* and *Jencks* Materials; (3) disclosure of the identity of government informants; (4) severance of his case from that

of the co-defendants' (5) an audibility hearing; (6) leave to file additional motions; and (7) joinder in the motions filed by the co-defendants.

The defendant has also filed motions seeking to suppress evidence obtained pursuant to a wire interception order and a search warrant authorizing the search of a "1997 red Mercury Villager van." (Docket #158). These motions will be addressed in a separate Report, Recommendation and Order filed by this Court.

The government has filed a "Response" to the defendant's omnibus motion as well as a "Request for Reciprocal Discovery" pursuant to Rule 16(b) of the Fed.R.CrimP. (Docket #159).

## DISCUSSION AND ANALYSIS

**1.    Defendant's Request for a Bill of Particulars.**

The defendant seeks a detailed bill of particulars describing the times, places and events as well as all of the alleged participants of the conspiracy alleged in Count 1 of the Superseding Indictment (Docket # 128).

The defendant's request is DENIED. It has become axiomatic that the function of a bill of particulars is to apprise a defendant of the essential facts of the

crime for which he has been charged. *United States v. Salazar,* 485 F.2d 1272, 1277-78 (2d Cir. 1973); *cert. denied*, 415 U.S. 985 (1974); *Wong Tai v. United States*, 273 U.S. 77 (1927). The charge in Count 1 of the Superseding Indictment, along with the discovery materials provided or to be provided by the government as aforesaid, clearly inform the defendant of the essential facts of the crime charged. As a result, the defendant is not entitled to, nor is he in need of, the "particulars" being sought for that purpose.

> "A bill of particulars should be required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." *United States v. Feola*, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987), *aff'd*, 875 F.2d 857 (2d Cir.) (mem.), *cert. denied*, ____ U.S. ____, 110 S.Ct. 110, 107 L.Ed.2d 72 (1989); *see also United States v. Leonelli*, 428 F. Supp. 880, 882 (S.D.N.Y. 1977). "Whether to grant a bill of particulars rests within the sound discretion of the district court." *United States v. Panza*, 750 F.2d 1141, 1148 (2d Cir. 1984) (citing *United States v. Burgin*, 621 F.2d 1352, 1358-59 (5th Cir.), *cert. denied*, 449 U.S. 1015, 101 S.Ct. 574, 66 L.Ed.2d 474 (1980)); *see also Bortnovsky*, 820 F.2d at 574. "Acquisition of evidentiary detail is not the function of the bill of particulars." *Hemphill v. United States*, 392 F.2d 45, 49 (8th Cir.), *cert. denied*, 393 U.S. 877, 89 S.Ct. 176, 21 L.Ed.2d 149 (1968).

*United States v. Torres*, 901 F.2d 205, 234 (2d Cir. 1990); see also United States v. Chen, 378 F.3d 151, 163 (2d Cir. 2004); United States v. Porter, _ F.3d _ (2d Cir. 2007).

    **2.**    **Defendant's Request for *Brady, Giglio* and *Jencks* Material.**

The defendant has made a broad request for any and all materials and/or

3

information, including a culling of government agent personnel files, that would be "exculpatory" to the defendant which the Court interprets as a broad request for "*Brady*," "*Giglio*" and "*Jencks*" materials as the defendant has used those labels in his motion.

Counsel for the government has acknowledged his responsibility under *Brady v. Maryland*, 373 U.S. 83 (1963) and subsequent cases. (Docket #159, p. 7). The government has also represented that it will comply with the requirements of 18 U.S.C. § 3500 with respect to production of statements of witnesses called to testify at trial. As a result of these representations, the defendant's request for such materials, *i.e., Brady, Giglio* and *Jencks* is DENIED, but the government is hereby directed to comply with the Second Circuit Court of Appeals' holding in *United States v. Coppa*, 267 F.3d 132 (2d Cir. 2001) and *United States v. Rodriguez*, 496 F.3d 221 (2d Cir. 2007) by making timely disclosure of those materials to the defendant.

"[A]s a general rule, *Brady* and its progeny do not require immediate disclosure of all exculpatory and impeachment material upon request by a defendant." *Id*. at 146. The prosecution is obligated to disclose and turn over *Brady* material to the defense "in time for its effective use." *Id*. at 144. With respect to impeachment material that does not rise to the level of being *Brady* material, such as *Jencks* statements, the prosecution is not required to disclose and turn over such statements until after the witness has completed his direct testimony. *See* 18 U.S.C. § 3500; Rule 26.2 Fed.R.Crim.P.; *In Re United States*, 834 F.2d 283 (2d Cir. 1987). However, if the

government has adopted a policy of turning such materials over to the defendant prior to trial, the government shall comply with that policy; or in the alternative, produce such materials in accordance with the scheduling order issued by the trial judge.

### 3. Defendant's Request for Disclosure of the Identity of Government Informants.

The defendant requests that the government be directed to identify all informants on whom the government has relied or will rely in any way in its investigation and/or prosecution of this case and disclosure of information received from informants. However, the defendant has failed to sufficiently state a basis for requiring the disclosure of this information or "that the testimony of the informant would [be] of even marginal value to the defendant's case." As a result, the holding of the Court of Appeals for the Second Circuit in *United States v. Saa*, 859 F.2d 1067 (2d Cir. 1988), *cert. denied*, 489 U.S. 1089 (1989), is dispositive of this request by the defendant wherein the Court stated:

> The leading Supreme Court case on this question, *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957), holds that
>
>> [w]here the disclosure of an informant's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to the fair determination of a cause, the [informant's] privilege must give way.

353 U.S. at 60-61, 77 S.Ct. at 628. The Court explained that "no fixed rule with respect to disclosure is justifiable." *Id.* at 62, 77 S.Ct. at 628. What is required is "balancing the public interest in protecting the flow of information against the individual's right to prepare his defense." *Id.* Whether non-disclosure is erroneous "must depend on the particular circumstances of each case, taking into consideration the crime charged, the possible defenses, the possible significance of the informer's testimony, and other relevant factors." *Id. See Rugendorf v. United States*, 376 U.S. 528, 534-35, 84 S.Ct. 825, 829, 11 L.Ed.2d 887 (1964); *United States v. Lilla*, 699 F.2d 99, 105 (2d Cir. 1983); *United States v. Ortega*, 471 F.2d 1350, 1359 (2d Cir. 1972), *cert. denied*, 411 U.S. 948, 93 S.Ct. 1924, 36 L.Ed.2d 409 (1973).

The defendant is generally able to establish a right to disclosure "where the informant is a key witness or participant in the crime charged, someone whose testimony would be significant in determining guilt or innocence." *United States v. Russotti*, 746 F.2d 945, 950 (2d Cir. 1984); *United States v. Roberts*, 388 F.2d 646, 648-49 (2d Cir. 1968); *see United States v. Price*, 783 F.2d 1132 (4th Cir. 1986); *United States v. Barnes*, 486 F.2d 776 (8th Cir. 1973). In *Roberts*, the informant introduced an undercover agent to the defendant and was present when the defendant and the agent negotiated and transacted two sales of heroin. The Court, noting that the informant was "present during all the significant events," 388 F.2d at 649, found that he was "obviously a crucial witness to the alleged narcotics transactions," *id*., and therefore, his whereabouts should have been revealed to the defense if properly requested. But disclosure of the identify or address of a confidential informant is not required unless the informant's testimony is shown to be material to the defense. *See United States v. Valenzuela-Bernal*, 458 U.S. 858, 870-81, 102 S.Ct. 3440, 3448, 73 L.Ed.2d 1193 (1982) (dictum); *United States v. Lila*, 699 F.2d at 105. As this Court's recent opinion in *United States v. Jiminez*, 789 F.2d 167 (2d Cir. 1986) makes clear, it is not sufficient to show that the informant was a participant in and witness to the crime charged. In *Jimenez*, the informant was both participant and witness, but the district court's refusal to order disclosure of his identity was upheld on the ground that the defendant had failed to show that the

6

> testimony of the informant "would have been of even marginal value to the defendant's case. 789 F.2d at 170."

*Id.* at 1073; *see also United States v. Fields*, 113 F.3d 313, 324 (2d Cir. 1997).

Since the defendant has not made a sufficient showing that any informant's potential testimony is material to his defense, this request is DENIED.

### 4.     Defendant's Request for Severance.

The defendant has also moved for a severance from the other co-defendants named in the instant indictment and that he be granted a separate trial from the co-defendants pursuant to Rule 14 of the Federal Rules of Criminal Procedure or in the alternative, conducting an *in camera* review of any statements of the defendants which the government intends to use at trial.

> [W]hen defendants properly have been joined under Rule 8(b), a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.

*Zafiro v. United States*, 506 U.S. 534, 539 (1993).

When the charges against the defendants involve a common plan or scheme, the defendants who have been indicted together will normally be tried together. *United States v. Matos-Peralta*, 691 F. Supp. 780, 789 (S.D.N.Y. 1988). "The

disposition of a motion for severance under Rule 14 is entrusted to the sound discretion of the trial court. *See United States v. Nersesian*, 824 F.2d 1294, 1303 (2d Cir. 1987)." *United States v. Matos-Peralta* at 788; *Opper v. United States*, 348 U.S. 84 (1954).

The defendant maintains a "heavy burden" in establishing a right to a severance. *United States v. Sotomayor*, 592 F.2d 1219, 1227 (2d Cir.), *cert. denied sub nom. Crespo v. United States*, 442 U.S. 919 (1979). He must establish that he will be so severely prejudiced by a joint trial that he will in effect be denied a fair trial. *United States v. Persico*, 621 F. Supp. 842 (S.D.N.Y. 1985).

> The ultimate question is whether, under all the circumstances of the particular case, as a practical matter, it is within the capacity of the jurors to follow the court's admonitory instructions and accordingly to collate and appraise the independent evidence against each defendant solely upon that defendant's own acts, statements and conduct. In sum, can the jury keep separate the evidence that is relevant to each defendant and render a fair and impartial verdict as to him? If so, though the task be difficult, severance should not be granted.

*United States v. Kahaner*, 203 F. Supp. 78, 81-83 (S.D.N.Y. 1962); *aff'd*, 317 F.2d 459 (2d Cir.), *cert. denied*, 375 U.S. 836 (1963).

The charges against this defendant and his co-defendants in the Superseding Indictment are such that with appropriate instructions from the trial judge, a jury will be able to collate and appraise the independent evidence against the defendant solely on his acts, statements and conduct and thereby render a fair and impartial

verdict as to him.  Therefore, defendant's request for a severance is DENIED as is his request for an *in camera* review.

**5.     Defendant's Request for an Audibility Hearing.**

Counsel for the defendant and the government have advised the Court that the audiotapes that may be used at trial by the government have not been reviewed at this time for purposes of determining whether there are any actual audibility problems or issues with respect to such tapes.  Therefore, the defendant's motion in this regard is DENIED without prejudice with the right to reapply for such relief after the tapes in question have been reviewed and it is determined that there is an audibility issue that needs to be resolved by this Court.  As part of this process, counsel for the government is hereby directed to identify those tapes that the government plans on using at the trial of the defendant and to have transcripts of those tape recordings prepared.  Once such transcripts have been prepared, counsel for the government shall supply copies of the designated tapes and respective transcripts to counsel for the defendant.  Counsel for the defendant is hereby directed to review the aforesaid tapes and transcripts after receipt of same, and upon completion of such review, make known to counsel for the government those portions of the aforesaid tapes and transcripts that counsel for the defendant claims are inaudible or, in the alternative, inaccurately transcribed. Thereafter, counsel for the government and the defendant are directed to confer for the purpose of resolving any disputes that may exist as to audibility of the tapes in question

and the correctness of the transcripts of such tapes. Should the attorneys be unable to resolve any such disputes that may exist, counsel for the defendant may file a motion for an audibility hearing, which motion must be filed and served within ten days after the last conference between the attorneys seeking to resolve such issues.

### 6. Defendant's Request for Leave to File Additional Motions.

The defendant has requested leave to file additional motions "as the factors and evidence emerge through requested disclosure." (Docket 158, p. 18). This request is GRANTED subject to the limitations set forth in the aforesaid quote.

### 7. Defendant's Request for Joinder in the Motions filed by his Co-Defendants.

The defendant states that he wishes to join in the motions filed by any of his co-defendants and seeks to obtain any benefits that may be applicable to him as a result of said motions. This request is GRANTED with the further directive and finding that the decisions made by this Court as to each of the co-defendants' motions joined in by the defendant shall also be deemed to be a finding and ORDER of this Court as to the defendant herein.

**(1)**   **The Government's Reciprocal Rule 16(b) Fed.R.Crim.P. Request:**

The government has requested that the defendant permit it to inspect and copy various books, records, documents, photos and other tangible objects, including reports of physical or mental examinations and of scientific tests or experiments, within the possession or control of the defendant which the defendant intends to introduce as evidence in chief at the trial along with written summaries of expert witnesses' testimony that the defendant intends to use.  Since the defendant has moved pursuant to Rule 16(a)(1) of the Federal Rules of Criminal Procedure for similar materials and information, the government is entitled to this information pursuant to Rule 16(b)(1) and its request is GRANTED.

Therefore, it is hereby **ORDERED** pursuant to 28 U.S.C. § 636(b)(1) that:

This Decision and Order be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Decision and Order must be filed with the Clerk of this Court within ten (10) days after receipt of a copy of this Decision and Order in accordance with the above statute, Fed. R. Crim. P. 58(g)(2) and Local Rule 58.2.

The district judge will ordinarily refuse to consider *de novo*, arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co., Inc. v.*

*Massachusetts Municipal Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).  **Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Judge's Order.**  *Thomas v. Arn*, 474 U.S. 140 (1985); *Wesolek, et al. v. Canadair Ltd., et al.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 58.2 of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for such objection and shall be supported by legal authority."  **Failure to comply with the provisions of Rule 58.2, or with the similar provisions of Rule 58.2 (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Judge's refusal to consider the objection.**

/s/ *H. Kenneth Schroeder, Jr.*
_____
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**

DATED:     Buffalo, New York
           May 8, 2008